**Juan TEJEDA–MANZANAREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74300.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Juan Tejeda–Manzanarez, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Juan Tejeda–Manzanarez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

The evidence Tejeda–Manzanarez presented with his motion to reopen concerned the same basic hardship grounds as his application for suspension of deportation. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence submitted with Tejeda–Manzanarez's motion to reopen was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Tejeda–Manzanarez's contention that the denial of suspension of deportation violated the due process rights of his United States citizen children because it amounted to a de facto deportation order against them is foreclosed. *See Urbano De Mala-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*luan v. INS,* 577 F.2d 589, 594 (9th Cir. 1978).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**